# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM

TEL: 212.681.0202
FAX: 212.898.1273

February 11, 2019

**BY ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:     *U.S. v. Brettschneider, et al.*, 18 CR 123 (CBA)

Dear Judge Amon:

     I write to request that Mr. Brettschneider's bail conditions be modified as discussed herein and to briefly respond to the government's January 28, 2019, letter.

     First, as the Court may recall, Mr. Brettschneider is released on a $500,000 bond secured by his primary residence in North Carolina where he lives with his wife and daughter. We ask that the home be released in order that Mr. Brettschneider may refinance it to pay his legal fees and living expenses. As there have been no issues regarding Mr. Brettschneider's compliance with his release conditions and risk of flight is not a concern here, the government consents to this application. Therefore, I am annexing a proposed order releasing the home in order that Mr. Brettschneider can secure the necessary funds as soon as possible. *See* Attachment A.

     Second, we have provided the government with a list of questions regarding the wiretap, which I attach here as well. *See* Attachment B. The government has informed me that it will supply the answers this week.

     Finally, the defense has not yet determined what evidence, if any, we will seek to introduce on defendant's behalf. Our decision will naturally be based in part on the government's case. In response to the government's letter, however, I note the Second Circuit's admonishment on the admissibility of evidence regarding a defendant's good character. *See, e.g., United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000) (holding that trial court erred in excluding character evidence).

                                                Respectfully yours,
                                                /s/
                                                Sarita Kedia

cc:     Government counsel
        (By ECF)

# ATTACHMENT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

   -against-

SCOTT BRETTSCHNEIDER,

                            *Defendant*.

-----------------------------------------------------------X

**ORDER MODIFYING CONDITIONS OF RELEASE AND BOND**

18 CR 123 (CBA)

Upon the application of Sarita Kedia, attorney for the defendant SCOTT BRETTSCHNEIDER, and with the consent of the government, it is hereby

ORDERED that the conditions of release on bond for the defendant SCOTT BRETTSCHNEIDER are modified such that his residence in North Carolina is released as security on the bond.


Dated:     Brooklyn, New York
             February _____, 2019


_____
Honorable Carol B. Amon
United States District Judge

# ATTACHMENT B

# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM                                                TEL: 212.681.0202
                                                                 FAX: 212.614.0202

February 5, 2019

**BY E-MAIL**

Lindsay Gerdes
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

                Re:     *U.S. v. Brettschneider, et al., 18 CR 123 (CBA)*

Dear Ms. Gerdes:

      As you requested, I am following up regarding my questions about the wiretap in the above-referenced matter, many of which I first raised with you while preparing the motions.

(1) As I understand it, each call or text that was intercepted has a target product number. On the line sheets you provided, however, the target product numbers skip. Please let us know. If a number is skipped, is there a call or text that corresponds to the number and, if so, why are there no line sheets for such calls and/or texts?

(2) As we have discussed, there are pen registers, telephone records and cell site records referenced in the wiretap applications. I understand that you have contacted the Queens DA's Office to obtain any such records and will provide a copy of them to us. Can you please let me know where you are with that request?

(3) As with the records mentioned above, could you also provide us with any logs that the DA's Office maintained to show when the investigators were monitoring and recording the calls pursuant to the eavesdropping warrant. As we have discussed, it appears from the line sheets that there were substantial periods of time that the phone was not being monitored.

Lindsay Gerdes
Assistant United States Attorney
February 5, 2019
Page 2

(4) What was the minimization procedure that was employed?

(5) What is the difference between the two separate folders of wiretap calls? They seem to overlap in terms of time frame, but it appears that certain calls are in one folder and not the other and that some are in both.

(6) The line sheets state that no audio was recorded during certain calls. What is the reason for the failure to record?

Please let me know if you want to discuss any of these issues. Thank you.

                                      Very truly yours,
                                      /s/
                                      Sarita Kedia