# SARITA KEDIA
LAW OFFICES, P.C.

5 EAST 22ND STREET, SUITE 7B
NEW YORK, NEW YORK 10010
WWW.KEDIALAW.COM

INFO@KEDIALAW.COM

TEL: 212.681.0202
FAX: 212.898.1273

March 22, 2019

**BY ECF AND FEDERAL EXPRESS**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:   U.S. v. Brettschneider, et al., 18 CR 123 (CBA)*

Dear Judge Amon:

  I write regarding the objections I raised at the March 12, 2019, status conference to two of the government's proposed trial exhibits. The exhibits in question – a copy of Richard Marshall's September 2013 Presentence Report (PSR) and an August 7, 2014, letter to Mr. Brettschneider from psychologist Marc Janoson – contain inadmissible hearsay.[1] They should, therefore, be excluded from evidence.[2]

## I.   Background

  As the Court knows, the government accuses Mr. Brettschneider, a criminal defense attorney, and three others of making and conspiring to make materially false representations to the Bureau of Prisons ("BOP") in late 2014. The subject of the supposed misrepresentations was one Richard Marshall, a client of Mr. Brettschneider who had recently entered the Camp at USP Lewisburg to serve a 36-month sentence on a narcotics conviction in the Northern District of New York. The government alleges that Mr. Brettschneider and his coconspirators "submitted a fraudulent letter" to a prison official in November 2014, asserting, among other things, that Marshall had been "active[ly] dependen[t]" upon "alcohol and marijuana" from 2003 through

---

[1] The PSR and Janoson's letter are marked as Government Exhibits 15 and 17, respectively. We will provide a hard copy of the exhibits referenced herein to the Court.

[2] The portion of the Bureau of Prisons Psychology Services Intake Screening Report (marked as Government Exhibit 4) that references statements in the PSR and additional Marshall statements must be excluded for the same reasons as those in the PSR.

Honorable Carol B. Amon
United States District Judge
March 22, 2019
Page 2

January 2010 in an effort to secure Marshall's admission to the BOP'S Residential Drug Abuse Program ("RDAP"). 3/29/18 Detention Ltr., ECF No. 23, at 3, 5.

The government has challenged the truth of this assertion, maintaining that Marshall overcame his addictions to drugs and alcohol decades before his arrival at USP Lewisburg. *Id.* at 2 (insisting that "Marshall did not have a recent history of substance or alcohol abuse" at the relevant time). To substantiate this claim at trial, the government seeks to present the jury with an August 7, 2014, letter to Mr. Brettschneider from Marc Janoson ("August 7 letter"), a psychologist whom Marshall engaged to submit an evaluation of his "Emotional and Psychodynamic Status" to the sentencing judge in the narcotics case.[3] GX 17 at 1.

In addition to reporting Marshall's performance on various psychological tests, the August 7 letter summarizes autobiographical information that Marshall provided. On the issue of substance abuse, Janoson wrote that the 52-year-old Marshall acknowledged using alcohol, cocaine and heroin "on a daily basis" in his late teens and early twenties but claimed to have "been clean and sober for over 20 years." GX 17 at 2.

Mr. Brettschneider's office filed the August 7 letter by ECF on the eve of Marshall's sentencing. Mr. Brettschneider made no reference to the psychologist's report – or to the question of Marshall's substance abuse history – when he appeared before the court on August 8.

The government also seeks the admission of Marshall's September 2013 Presentence Report. Like the August 7 letter, the section of the PSR that addresses Marshall's substance abuse history is drawn from Marshall's representations to the probation officer who authored the document. Nevertheless, the information contained in the PSR differs substantially – and in several respects, irreconcilably – from that presented in the Janoson letter. In the relevant portion of the PSR, the officer wrote that:

> Marshall denied any history of excessive alcohol use, and estimated he consumed alcohol approximately five time per year in the form of one drink. The defendant first used marijuana at age sixteen and denied any use in the past ten years. He reported he used marijuana once per year in the past. Lastly, Marshall advised he used powder cocaine on approximately ten to fifteen occasions between ages twenty and twenty-three. He denied any additional drug use.

PSR ¶ 95.

---

[3] In his letter, Janoson states that he "examined [] Marshall" on "August 6 and 8, 2014 at [his] office" in Long Island. August 7 Ltr. at 7. The accuracy of the second date is doubtful because (a) the letter is dated August 7 and (b) Marshall appeared in the Northern District of New York for sentencing on the morning of August 8.

Honorable Carol B. Amon
United States District Judge
March 22, 2019
Page 3

## II. The Government's Position

The government advanced a separate rationale for the admission of each document at the March 12, 2019, status conference in this matter. It argued that the August 7 letter is admissible for its truth under Fed. R. Evid. 801(2),[4] which excludes from the definition of hearsay out-of-court statements that a party-opponent "manifest[ly] adopted or believed to be true." According to this theory, Mr. Brettschneider endorsed Janoson's letter when it was filed with the court ahead of Marshall's sentencing in the Northern District case.

With respect to the PSR, the government suggested two alternative bases for admission. Under the first, the PSR would be admitted for its truth as a statement "of the declarant's then-existing state of mind" under Fed. R. Evid. 803(3). Barring that, the government suggested that the PSR could be admitted as "non-hearsay" evidence of Mr. Brettschneider's state of mind.

Each of these propositions is a non-starter.

## III. Analysis

As noted above, the key sections in the August 7 letter and the PSR are those that deal with Marshall's substance abuse history. In both documents, these passages do nothing more than paraphrase Marshall's statements – uttered during interviews with the documents' respective authors – and convey them to the reader. To the extent the government intends to rely on the truth of Marshall's embedded assertions – and that is precisely what it proposes to do – both the August 7 letter and the PSR qualify as "double hearsay," *i.e.*, out-of-court statements that contain other out-of-court statements. *United States v. Carneglia*, 256 F.R.D. 384, 393 (E.D.N.Y. 2009) (Weinstein, J.).

The government, then, is obliged to identify a hearsay exception applicable to each document *and* a separate exception for the statements that each document memorializes. *See id.* ("Double hearsay is admissible if each level of hearsay satisfies a hearsay exception."); Fed. R. Evid. 805 (limiting the admission of "[h]earsay within hearsay" to situations in which "each part of the combined statements conforms with an exception to the rule [against hearsay]"). The government has not met, and cannot meet, this burden here.

### A. Marshall's Statements in Both Documents Are Inadmissible

The admissibility analyses applicable to the two documents merge – and abruptly end – at the "second level" of hearsay, *i.e.*, Marshall's statements. *Carneglia*, 256 F.R.D. at 393. So far, the government has failed to differentiate these statements from the documents in which they are embedded. The reason for this omission is plain enough: Marshall's assertions to the authors of each document are "classic hearsay," irredeemably inadmissible unless the defense is afforded an opportunity to cross-examine Marshall at trial. *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 232

---

[4] Presumably, the government is relying on Fed. R. Evid. 801(d)(2)(B).

Honorable Carol B. Amon
United States District Judge
March 22, 2019
Page 4

(2d Cir. 1999) (discussing the "classic hearsay risks of insincerity, distorted perception, imperfect memory, and ambiguity of utterance") (internal quotation marks omitted).

Certainly, the government's theories articulated at the March 12 status conference do not apply to Marshall's statements. For starters, Marshall's representations purported to describe neither his "then-existing state of mind" nor his contemporaneous "emotional, sensory, or physical condition." Fed. R. Evid. 803(3). At best, they are "statement[s] of memory or belief," both of which are expressly excluded from the scope of the Rule 803(3) hearsay exception. *Id.*; *see United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993) (explaining that Rule 803(3) excludes statements that "face . . . backward" into the declarant's past); *United States v. Cardascia,* 951 F.2d 474, 487 (2d Cir. 1991) (state of mind exception focuses on the "contemporaneity of the statement"). The government may not, then, admit evidence of Marshall's "hearsay statements" to argue when Marshall's drug and alcohol abuse ceased. *Id.* If it were permitted to do so, Rule 803(3)'s "exception" would effectively "swallow[] the hearsay rule." *Id.*

It is equally impermissible to admit Marshall's statements as adopted or agency admissions under Rule 801(d)(2)(B). It is clear from the August 7 letter that Janoson did not evaluate Marshall to determine whether he had a substance abuse problem prior to his arrest. Rather, he simply recounted Marshall's incidental assertion that, while he had abused various substances in his youth, he had not done so for more than 20 years. Janoson likewise related numerous statements by Marshall regarding his background, including an account of his upbringing and his mother's health. Janoson no more "adopted" these statements than did the probation officer who interviewed Marshall. *A fortiori*, Marshall's assertions to Janoson were certainly not "adopted" by Mr. Brettschneider and disclose nothing about what Mr. Brettschneider "believed to be true." Fed. R. Evid. 801(d)(2)(B). *See also Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1118 (9th Cir. 2015) (observing that "forward[ing] a document while acting as a mere messenger[] does not constitute an adoption" within the meaning of Rule 801(d)(2)(B)).

Marshall's statements embedded in the August 7 letter and PSR cannot be admitted for their truth unless the government identifies an applicable hearsay exception. No such exception exists.

### B. There Is No Legitimate Non-Hearsay Purpose for Admitting Marshall's Statements in These Documents

So far, the government's only attempt to articulate a non-hearsay purpose for admitting these documents has consisted of a reference to their impact on Brettschneider's state of mind. Presumably, the government meant its comment to suggest that these documents could be placed before the jury for the limited purpose of demonstrating knowledge, *i.e.*, that Brettschneider *knew* Marshall had not, in fact, abused drugs or alcohol during the years preceding his arrest in the Northern District.

Honorable Carol B. Amon
United States District Judge
March 22, 2019
Page 5

There are at least two problems with this position. First, it does not deal with the hearsay problem. In this case, there is no meaningful distinction between admitting Marshall's statements to prove a fact – *i.e.*, that Marshall had not recently abused drugs and alcohol – and admitting the statements to prove Brettschneider's knowledge of that fact. Whatever the theory of admission, Marshall's statements would be the *only* evidence that "Marshall did not have a recent history of substance or alcohol abuse." 3/29/2018 Detention Ltr., ECF No. 23, at 2; *see United States v. Sesay*, 313 F.3d 591, 599-600 (D.C. Cir. 2002) (holding that a hearsay statement proffered as evidence of the listener's "state of mind" was properly excluded where the "real issue at trial" was the statement's substantive "accura[cy]"). Accepting the "'state of mind' argument" under these circumstances "would be to permit a loophole in the hearsay rule large enough to swallow the rule itself." *Id.*

Even if the government could identify a legitimate non-hearsay purpose for admitting Marshall's statements, their admission would be improper. "'[T]he mere identification of a relevant non-hearsay use'" for an out-of-court statement "'is insufficient to justify its admission'" when there is reason to believe that "'the jury [will] consider the statement for the truth of what was stated.'" *United States v. Veliz*, 623 F. App'x 538, 547 (2d Cir. 2015) (quoting *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994)). Given the paucity of evidence on the issue of Marshall's substance abuse, it is virtually inconceivable that a jury would *not* consider Marshall's assertions for their truth. As such, their admission would be devastatingly prejudicial to the defense. *See United States v. Kadir*, 718 F.3d 115, 122 (2d Cir. 2013) (noting that "evidence is unduly prejudicial [ ] when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission'") (quoting *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)) (internal alterations and emphasis omitted).

### IV. Conclusion

For the reasons cited, Marshall's statements in the August 7 letter and the PSR must be excluded from evidence.

Respectfully yours,
/s/
Sarita Kedia

cc: Government counsel