

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE:MEG/AS/LKG  *271 Cadman Plaza East*
F. #2015R01691  *Brooklyn, New York 11201*

July 1, 2019

<u>By ECF</u>

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    United States v. Scott Brettschneider,
               <u>Criminal Docket No. 18-123 (S-1) (CBA)</u>

Dear Judge Amon:

      The government respectfully submits this letter in response to the defendant Scott Brettschneider's submission ("Def. Ltr."), <u>see</u> ECF Dkt. No. 229, in which he asks that the Court either allow him to supplement his post-trial motions or to treat his letter as a reply in further support of those motions. The government has no objection to the latter but opposes any additional motions or briefing that would further delay the case.

      If the Court considers the defendant's uninvited submission, the government notes only that the defendant consistently misapplies the materiality standard by disregarding its core principle: the inquiry is objective, meaning, as one court put it, "a statement is material if it is capable of influencing a decision by a decision-making body even if the body did not in fact rely on the statement." <u>See</u> Government's Memorandum of Law, ECF Dkt. No. 225 ("Gov't Memo"), at 10 & 15-16. Thus, assertions such as, "[T]here was no evidence in the record that Diana Banks gave the letter anything other than a cursory examination," Def. Ltr. at 7, miss the point. Whether the Bureau of Prisons ("BOP"), having been alerted that the defendant's (and his co-conspirators') false letter was on its way, actually scrutinized the letter, says nothing about the letter's materiality. It reveals no more about its ability to influence the BOP's decision than any sort of evidence showing an agency knew a statement was false the second it was made. <u>See</u> Gov't Memo at 10 ("A court may find materiality 'even if [t]he particular decisionmaker . . . thought that the statement was false at the time it was made'" (quoting <u>United States v. Santiago</u>, No. 13 CR 39 (CM), 2014 U.S. Dist. LEXIS 142619, at *13 (S.D.N.Y. Sep. 26, 2014)).

      The defendant also appears to concede that distracting the BOP is an independent way the government could have proven materiality, but then compares the professionally written letter crafted by the defendant and his coconspirators to the "insane stories" he believes the FBI

intakes daily nationwide that he claims would be immaterial.  Def. Ltr. at 8.  The FBI, he offers, disregards a "vast majority" of these accounts and "[t]hat is exactly what happened here."  Id.  This argument again conflates an objective test with actual reliance.  It also ignores Dr. Kit Hoffman's testimony that this letter was far more than just a "wild" or "insane" story and was capable of taking BOP RDAP coordinators away from their mission.  See Gov't Memo at 18 (quoting Tr. 45:7-18).

Finally, the defendant argues he is not guilty of participating in a conspiracy because he did not stand to benefit from it.  Def. Ltr. at 9.  This appears to be the "new" argument that prior counsel failed to make despite the defendant's purported request.  Def. Ltr. at 1.  There are two problems with it.  First, it ignores the evidence.  See, e.g., Gov't Memo at 2 (citing, among other evidence, Tr. at 691:14-16; 703:2-8, showing that Richard Marshall, the inmate Brettschneider was attempting to assist, generated business for him).  Second, there is no legal requirement to show a co-conspirator benefited from the goal of the conspiracy.  "[P]urposeful behavior aimed at furthering the goals of the conspiracy," like for example, recruiting the author of the false letter and helping to correctly address it, see, e.g., GX 57, is sufficient, so long as there is proof of at least a "tacit understanding among the participants" to work together to commit an unlawful act.  United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997).  There is no requirement for the defendant to have had some "personal financial interest in the outcome of the conspiracy.  It is sufficient that the defendant was not indifferent to the outcome of the venture."  United States v. Torres, 901 F.2d 205, 245 (2d Cir. 1990) (quotation marks omitted).

The government objects to any further post-trial motions or briefing.  The verdict in this case was returned on April 5, 2019—almost three months ago—after the defendant had twice delayed trial.  The first request, which sought the postponement of the November 2018 date, caused the Court to question whether the move was a "delaying tactic on the defendant's part," as the defendant's counsel claimed that prior attorney had failed to relay a scheduling issue the defendant wanted him to mention to the Court.[1]  Transcript of August 2, 2018 Hearing, 7:7-21, 11:2-3.   See also id. 7:22-25 (explaining that a new attorney's filing of appearance cannot simply change the Court's schedule).

Seven months later, the defendant requested a continuance once more, claiming that he needed more time to review certain material.  Days after obtaining that continuance—which was shorter than what he had requested to go through this material—he sought access to the entire file of the Queens District Attorney's Office.  Dkt. No. 166.  Now he is on to his third attorney.  Seventy-three days passed between the verdict and an application to substitute counsel, which came on the day the government's submission was due.  The latest submission once more places blame with prior counsel, this time for purportedly not including some argument that, for the reasons set forth above, is clearly unavailing.  Def. Ltr. at 1.

---

[1] According to court records, the defendant has appeared as lead counsel in dozens of criminal cases in this district alone, including before this Court.

The materiality argument was fully briefed before, and has now been supplemented with a third submission. The government respectfully requests that the Court deny the defendant's motions and proceed to sentencing, currently scheduled for July 26, 2019.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:     /s/
    Margaret E. Gandy
    Lindsay K. Gerdes
    Andrey Spektor
    Assistant United States Attorneys
    (718) 254-7000

cc:     Patrick Joyce, Esq. (by ECF)